IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01715-RM-KLM

MARCUS FORZANI,

    Plaintiff,

v.

PEPPY PRODUCTS,
AMAZON.COM, INC.,
AMAZON.COM DEDC, LLC,
AMAZON CORPORATE, LLC,
AMAZON PAYMENTS, INC., d/b/a Amazon Marketplace Payments,
AMAZON FULFILLMENT SERVICES, and
AMAZON.COM KYDC, LLC,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants Amazon.com, Inc., Amazon.com DEDC, Inc., Amazon Payments, Inc., and Amazon Services, Inc.'s (collectively, the "Amazon Defendants") **Motion to Dismiss** [#14][1] (the "Motion"). Plaintiff filed a Response [#18] in opposition to the Motion, and the Amazon Defendants filed a Reply [#20]. The Motion [#14] has been referred to the undersigned for a recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.L.CivR 72.1©. *See* [#15]. The Court has reviewed all briefing on the Motion [#14], the entire case file, and the

---

[1] "[#14]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#14] be **DENIED without prejudice**.

## I. Background

Plaintiff initiated this suit in Denver County District Court by filing his Original Complaint [#5] on February 23, 2018. Plaintiff generally alleges that an "e-cigarette" he purchased through Amazon.com exploded in his pocket on February 25, 2016, causing severe burns over his left leg. *Am. Compl.* [#6] ¶ 31. Plaintiff seeks redress for his injuries by asserting three claims against all Defendants for strict products liability, negligent products liability, and failure to warn. *Id.* ¶¶ 29-63.

On February 28, 2018, the Amazon Defendants were alerted to the lawsuit and began communicating with Plaintiff's counsel regarding Plaintiff's claims, service of process, and the anticipated filing of an amended complaint. *Motion* [#14] at 2-3. Pursuant to Colo. R. Civ. P. 4(m) and an order by the Denver County District Court, Plaintiff initially had until April 27, 2018,[2] to serve Defendants with the Original Complaint [#5]. *Id.* at 2; *Ex. C* [#14-3] at 1.[3] Subsequently, the Denver County District Court granted Plaintiff an extension of time to serve Defendants until May 11, 2018. *Ex. F* [#14-6]; *Ex. G* [#14-7].

---

[2] The Court notes that the Motion [#14] misstates Plaintiff's initial service deadline as April 17, 2018. [#14] at 2. Plaintiff was required to effect service within sixty-three days from the filing date of the Original Complaint [#5] which was February 23, 2018. *Ex. C* [#14-3] at 1; Colo. R. Civ. P. 4(m). Therefore, Plaintiff was required to serve Defendants on or before April 27, 2018.

[3] The Court may consider affidavits and other documentary evidence when determining whether Plaintiff "has satisfied statutory and due process requirements so as to permit the [C]ourt to exercise personal jurisdiction over defendant." *Allen v. United Props. and Constr., Inc.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sep. 3, 2008); *see Driskell v. Thompson*, No. 12-cv-03107-REB-KLM, 2013 WL 5835114, at *2 (D. Colo. Oct. 30, 2013).

Plaintiff failed to serve Defendants by the extended deadline. *Motion* [#14] at 2. Because of this, the Denver County District Court issued an Order to Show Cause [#14-8] on June 6, 2018, directing Plaintiff to "file a Return of Service . . . on or before June 20, 2018" and warning Plaintiff that failure to comply would result in dismissal of the action without prejudice. *Ex. H* [#14-8].[4] Shortly thereafter, Plaintiff filed his Amended Complaint [#6] in state court on June 13, 2018. Two days later, Plaintiff served the Amazon Defendants with the Amended Complaint [#6] on June 15, 2018. *Ex. I* [#14-9]. On July 6, 2018, the Amazon Defendants removed this case to the United States District Court for the District of Colorado. *See Notice of Removal* [#1].

In the present Motion [#14], the Amazon Defendants argue that the claims against them should be dismissed because Plaintiff failed to timely effect service. Specifically, they ask the Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(5) and Colo. R. Civ. P. 12(b)(4) for insufficient service of process;[5] and D.C.COLO.L.CivR 41.1.[6]

---

[4] There is a dispute between the parties as to whether the state court's Order to Show Cause [#14-8] granted Plaintiff a second extension of time to serve Defendants or, instead, required Plaintiff to show service had been accomplished prior to the extended deadline of May 11, 2018. *See Response* [#18] ¶ 4; *Reply* [#20] at 1-2. The Court will address this dispute in Section III of this Recommendation.

[5] Federal Rule of Civil Procedure 12(b)(5) and Colorado Rule of Civil Procedure 12(b)(4) both permit a party to assert the defense of insufficient service of process by motion. Fed. R. Civ. P. 12(b)(5); Colo. R. Civ. P. 12(b)(4).

[6] The Amazon Defendants' request that the claims be dismissed pursuant to this Court's Local Rule, D.C.COLO.L.CivR 41.1, is misplaced. That rule provides that, "[a] judicial officer may *issue an order to show cause* why a case should not be dismissed for failure to prosecute or failure to comply with . . . the Federal Rules of Civil Procedure, or a court order." D.C.COLO.L.CivR 41.1 (emphasis added). If good cause is not shown, the Court may then dismiss the case with or without prejudice. *Id*. This Court has not issued an order to show cause with respect to Plaintiff's failure to serve the Amazon Defendants. Therefore, the Court does not address D.C.COLO.L.CivR 41.1 as separate grounds for dismissing Plaintiff's claims.

## II. Standard of Review

"Where an action is commenced in state court, and removed to federal court, an inquiry into the sufficiency of the service of process begins with the issue whether service of process was perfected prior to removal." *Sandoval v. TGM Oak Tree Park*, No. 16-CV-144-MCA-SCY, 2016 WL 9818312, at *1 (D.N.M. Nov. 30, 2016) (citing *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010)). In resolving this issue, "federal courts in removed cases look to the law of the forum state, in this case [Colorado], to determine whether service of process was perfected prior to removal." *Wallace*, 596 F.3d at 706 (citation omitted); *see also Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016). In Colorado, the time limit for service is governed by Rule 4(m) of the Colorado Rules of Civil Procedure which provides that:

> If a defendant is not served within 63 days (nine weeks) after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--shall dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Colo. R. Civ. P. 4(m).

However, even if "process served proves to be defective" under the Colorado rule, that "does not foreclose service being effected in the federal district court" under the Federal Rules of Civil Procedure. *Palzer*, 671 F. App'x at 1028 (internal quotation marks and citation omitted). This is because the federal removal statute governing service of process provides that "[i]n all cases removed from any State court to any district court of the United States . . . in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally

-4-

filed in such district court." 28 U.S.C. § 1448. Rule 4 of the Federal Rules of Civil Procedure controls the manner of service of process in district court and, pursuant to Federal Rule 4(m), the plaintiff is required to serve each defendant "within 90 days after the complaint is filed[.]" Fed R. Civ. P. 4(m). Thus, in sum, where service of process is not timely effected under state law prior to removal and the case is not otherwise time-barred, 28 U.S.C. § 1448 and Federal Rule 4(m) provide the plaintiff an additional ninety days from the removal date to effect service in district court. *Palzer*, 671 F. App'x at 1028; *Wallace*, 596 F.3d at 706 (holding that where service was not timely prior to removal, plaintiffs had additional time to properly serve defendant under federal rules); *see also UWM Student Assoc. v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018) ("For removed cases, the combined effect of § 1448 and Rule 4(m) starts the clock on the date of removal.").

Nevertheless, if a defendant is not served within ninety days of removal, Federal Rule 4(m) further provides that "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In determining whether to dismiss under Federal Rule 4(m), the Court uses a two-step analysis. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, if the plaintiff demonstrates that there is "good cause for the failure to timely effect service[,]" then he is "entitled to a mandatory extension of time." *Id.* Second, if the plaintiff does not show good cause, "the district court must still consider whether a permissive extension of time may be warranted," and may, in its discretion, "dismiss the case without prejudice or

extend the time for service." *Id.*[7]

### III. Analysis

#### A. Whether Plaintiff Timely Served the Amazon Defendants

As stated above, this action commenced in Denver County District Court. Therefore, the Court first must look to Colorado law "to determine whether service of process was perfected prior to removal." *Wallace*, 596 F.3d at 707 (citation omitted). Pursuant to Colorado Rule 4(m), Plaintiff was required to serve Defendants within sixty-three days after the Original Complaint [#5] was filed on February 23, 2018. Thus, Plaintiff initially had until April 27, 2018, to serve Defendants in state court. Plaintiff failed to serve Defendants by this date, but was granted an extension of time by the state court to effect service until May 11, 2018. *Ex. G* [#14-7]. Plaintiff does not dispute that, despite this extension, he failed to serve Defendants by May 11, 2018. *Ex. H* [#14-8].

Instead, Plaintiff asserts that the Order to Show Cause [#14-8], issued by the state court on June 6, 2018, granted Plaintiff a second extension of time to serve Defendants on or before June 20, 2018. *Response* [#18] at 2. Therefore, Plaintiff argues, service of process was timely with respect to the Amazon Defendants when Plaintiff served the Amended Complaint [#6] on June 15, 2018. *Id.* In their Reply [#20], the Amazon Defendants contend that Plaintiff misconstrues the Order to Show Cause [#14-8] as a second extension of time for serving process. [#20] at 2. According to the Amazon

---

[7] The Colorado Court of Appeals recently adopted the *Espinoza* analysis in determining whether to dismiss under Colorado Rule 4(m), which, as illustrated above, is nearly identical to Federal Rule 4(m) except for the number of days (63 days instead of 90 days). *Curry v. Zag Built LLC,* 2018 WL 2058176 at *5-7 (Colo. App. May 3, 2018). Therefore, in addressing whether good cause is shown or a permissive extension of time is warranted under Federal Rule 4(m), this Court's analysis would equally apply in the context of Colorado Rule 4(m).

Defendants, the Order to Show Cause [#14-8] required Plaintiff to provide the state court proof, by June 20, 2018, that he had served Defendants prior to the only extended deadline of May 11, 2018. *Id.*

While it may be a close call, the Court agrees with the Amazon Defendants' interpretation. The state court's Order to Show Cause [#14-8] ordered Plaintiff "to comply with the following requirement":

> Service of Process: Returns of Service on all defendants shall be filed within 63 days after the date of the filing of the complaint. Plaintiff *was* granted additional time to obtain service.
>
> ACCORDINGLY, Plaintiff shall file a Return of Service within 14 days of this order, for all remaining Defendants pursuant to [Colo. R. Civ. P. 5] on or before June 20, 2018.

*Ex. H* [#14-8] (emphasis added). The state court's use of the past-tense "was" is notable. While the order states that Plaintiff *was* granted a prior extension of time to effect service, there is no indication that Plaintiff *is* being granted an additional extension. Moreover, to the Court's knowledge, Plaintiff never requested a second extension of time which the state court could "grant". Plaintiff has made no argument as to why the Court should accept his interpretation as correct. *See Response* [#18] at 2. Thus, based on a plain reading of the above and the absence of any argument to the contrary, the Court finds that Plaintiff was not granted a second extension to serve Defendants but was instead required to show proof that Defendants had been served by the previous deadline of May 11, 2018. Accordingly, because Plaintiff served the Amazon Defendants after the only deadline extension of May 11, 2018, the Court finds that service of process was not perfected under

Colorado law prior to removal.[8]

Given that service of process was not perfected prior to removal, Plaintiff had ninety days from the date of removal to perfect service pursuant to 28 U.S.C. § 1448 and Federal Rule 4(m). *Palzer*, 671 Fed. App'x, at 1028 (holding that the district court abused its discretion in dismissing the suit instead of granting plaintiff the opportunity to effect service under federal law). The parties do not address this point. *See generally Motion* [#14]; *Response* [#18]; *Reply* [#20]. Regardless, there is no indication that Plaintiff attempted to cure the defective service after the case was removed and the deadline for him to do so, October 4, 2018, has since passed.

Therefore, the Court finds that Plaintiff failed to timely serve the Amazon Defendants before or after removal. The Court next determines whether to dismiss Plaintiff's claims pursuant to Federal Rule 4(m).

### B. Whether Plaintiff's Claims Against the Amazon Defendants Should Be Dismissed Pursuant to Fed. R. Civ. P. 4(m)

In determining whether to dismiss Plaintiff's claim for failure to timely serve the Amazon Defendants, the Court first considers whether Plaintiff has shown good cause for his delay in serving the Amazon Defendants. *See Espinoza*, 52 F.3d at 841. Good cause is interpreted narrowly, and oversight, mistake of counsel, or ignorance of the rules is

---

[8] The parties do not cite, and the Court did not locate, relevant Colorado law on whether filing an amended complaint against the same defendants restarts the Colorado Rule 4(m) service clock. However, the Tenth Circuit has answered this question with respect to the nearly identical Federal Rule 4(m), holding that "the [90]-day period provided by [Federal] Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (internal quotation marks and citations omitted). Accordingly, the Court concludes that Plaintiff's service of the Amended Complaint [#6] did not cure the defective service of the Original Complaint [#5].

usually not considered good cause. *In re Kirkland*, 86 F.3d 172, 174, 176 (10th Cir. 1996). In relying on good cause, Plaintiff "must show meticulous efforts to comply with the rule." *Id.* at 176. Here, Plaintiff merely states that "due to Plaintiff's [counsel's] trial calendar[,] completion of service of process was unfortunately overlooked." *Response* [#18] at 4. The Amazon Defendants argue that "forgetting to serve a complaint for 112 days does not establish good cause sufficient to avoid dismissal, and this excuse also rings disingenuous in light of Plaintiff's counsel's record of communication with Amazon's counsel." *Reply* [#20] at 3. The Court agrees with Defendants that 'overlooking' the deadline for service of process does not constitute good cause. *See In re Kirkland*, 86 F.3d at 174. Accordingly, the Court finds that Plaintiff has not shown good cause for his delay in serving the Amazon Defendants. *See Espinoza*, 52 F.3d at 841.

The Court next considers "whether a permissive extension of time may be warranted" to properly serve the Amazon Defendants or whether to dismiss the case without prejudice. *Espinoza*, 52 F.3d at 841. In making this determination, the Court may consider several factors, including whether the plaintiff has unsuccessfully tried to serve the defendants, whether there are complex requirements of serving multiple defendants, and whether the statute of limitations would bar re-filing the action. *Harper v. City of Cortez*, No. 14-cv-02984-KLM, 2015 WL 4113825, at *3 (D. Colo. July 8, 2015); *Espinoza*, 52 F.3d at 841. Other district courts have also considered factors such as whether defendants had notice of the lawsuit, *Ireland v. Midwest Mech. Grp., Inc.,* No. 05-2063-JWL, 2005 WL 2099545, at *2 (D. Kan. Aug. 30, 2005)*;* whether the defendant was prejudiced by the delay of service, *Smyers v. Cty. of Atchison, Kansas*, No. CIV.A.-07-2364-CM, 2008 WL 4822062, at *1 (D. Kan. Nov. 4, 2008), *aff'd*, 336 F. App'x

819 (10th Cir. 2009); and whether any policy consideration would justify granting an extension of time for service, *Hornbeck v. Doe*, No. CIV-14-276-W, 2015 WL 3440223, at *4 (W.D. Okla. May 27, 2015).

In this case, Plaintiff nowhere indicates that he attempted to serve the Amazon Defendants prior to serving the Amended Complaint [#6] on June 15, 2018. Plaintiff only states that "[s]hortly after filing" the Original Complaint [#5], Plaintiff and Defendants "discussed acceptance of service of process [but that] Defendants did not agree to accept service of process." *Response* [#18] at 2-3. No explanation is given as to why Defendants did not agree to accept service or why Plaintiff failed to make other service attempts despite his extension of time to do so. Moreover, it does not appear that Plaintiff faced any complex requirements in serving the Amazon Defendants. Indeed, once the Amended Complaint [#6] was filed, Plaintiff required only two days to serve the Amazon Defendants with his amended pleading. *Ex. I* [#14-9]. The fact that counsel for Plaintiff and the Amazon Defendants were in early communications regarding service of process further suggests that it was not unreasonably difficult for Plaintiff to serve the Amazon Defendants.

However, despite Plaintiff's unjustified delay, several factors do weigh in Plaintiff's favor. First, the Amazon Defendants acknowledge that they were notified of Plaintiff's lawsuit as early as February 28, 2018. *Ex. D* [#14-4]; *see Ireland*, 2005 WL 2099545, at *2. The Amazon Defendants argue that knowledge of a potential law suit does not act as a substitute for proper service of process. *Motion* [#14] at 7 n.6. While that is true, notice still weighs in Plaintiff's favor because even "insufficient service [gives] defendants actual knowledge of plaintiff's claims." *Rivera v. Riley Cty. Law Bd.*, No. 11-cv-02067-JAR-JPO, 2011 WL 4686554, at *4 (D. Kan. Oct. 4, 2011). Second, the Amazon Defendants do not

claim prejudice from the delay in proceedings and the fact that they were eventually served, albeit untimely, indicates that "there is a reasonable prospect that [Plaintiff] will ultimately be able to serve [the Amazon Defendants] properly." *Allen*, 2008 WL 4080035, at *10 (internal quotation marks and citation omitted). Third, if Plaintiff's claims against the Amazon Defendants are dismissed *without* prejudice, Plaintiff will be barred from re-filing by the statute of limitations.[9]

The Amazon Defendants cite Colorado case law in arguing that "where service is untimely achieved after [Colo. R. Civ. P. 4(m)] and the statute of limitations has expired, dismissal is proper." *Motion* [#14] at 5. To the extent that these state decisions apply to the *Espinoza* analysis, the Court finds them unpersuasive. The first case the Amazon Defendants cite, *Malm v. Villegas*, 342 P.3d 422 (Colo. 2015), involved a plaintiff's failure to serve a defendant for over seven years. As noted in the second case the Amazon Defendants cite, "*Malm* stands for the more uncontroversial proposition that an extraordinary delay in effecting service--a delay measured in years rather than days--can be justified only by extraordinary circumstances." *Taylor v. HCA-HealthONE LLC*, 417 P.3d

---

[9] In a diversity action, the Court must apply the forum state's choice of law rules to determine which state's substantive law to apply. *Estate of Anderson v. Denny's, Inc.*, 987 F. Supp. 2d 1113, 1139 (D. N.M. 2013). Under Colorado's conflict of law provisions, "the law of the state with the most significant contacts to the underlying tort must be applied." *Florum v. Elliot Mfg. Co.*, 629 F. Supp. 1145, 1148 (D. Colo. 1986), *rev'd on other grounds,* 876 F.2d 570 (10th Cir. 1989) (applying Colorado law in a products liability suit where plaintiff incurred injuries from the product in the state, received medical treatment in the state, and is a resident of the state). Although Plaintiff does not state where the injury occurred, the Court presumes it occurred in Colorado since Plaintiff is a Colorado resident and immediately received medical treatment in the state. *Am. Compl.* [#6] ¶ 1; *Response* [#18] at 1. Therefore, Colorado substantive law governs Plaintiff's claim. Pursuant to Colo. Rev. Stat. § 13-80-106, actions brought against "a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought . . . shall be brought within two years after the claim for relief arises." Because Plaintiff's injury occurred on February 25, 2016, the statute of limitations has run on Plaintiff's claims and he is barred from re-filing. *Am. Compl.* [#6] ¶ 4.

943, 951 (Colo. App. 2018). Finally, the third case cited to in the Motion [#14], *Garcia v. Schneider Energy Servs., Inc.*, 287 P.3d 112 (Colo. 2012), appears to undermine the Amazon Defendants' position. While that case looked to a prior version of Federal Rule 4(m)[10] for guidance, it nevertheless held that 116 days was a reasonable delay between filing a complaint and effecting service. Here, Plaintiff served the Amazon Defendants within 112 days of filing the Original Complaint [#5] which would presumably be considered reasonable under *Garcia*. *See Orig. Compl.* [#5]; *Ex. I* [#14-9].

Based on the foregoing, and despite Plaintiff's unjustified delay, the Court finds that the above factors weigh in favor of granting Plaintiff an extension of time to properly serve the Amazon Defendants. *See Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 1806704, at *3 (D. Kan. May 7, 2014) (finding a permissive extension appropriate where service was not perfected prior to or after removal because it appeared the defendant was not prejudiced by the delay and the statute of limitations would bar the plaintiff from refiling the action). While the Court does not condone such a lack of diligence, it is nonetheless reluctant to punish Plaintiff for what appear to be mistakes of his counsel. *See e.g.*, *Micciche v. Kemper Nat. Servs.*, 560 F. Supp. 2d 204, 210 (E.D.N.Y. 2008); *but see Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007) (finding no abuse of discretion in the court's dismissal which amounted to a dismissal with prejudice where the plaintiff made no effort to effect service within the service period, neglected to request an extension within a reasonable period of time, and did not offer an excuse for the delay). Moreover, providing Plaintiff additional time to properly effect service is especially

---

[10] Federal Rule 4(m) was amended in 2015 to reduce the presumptive time for service from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.

appropriate considering dismissal here would essentially function as a dismissal with prejudice, an outcome Rule 4(m) does not contemplate. *See* Fed. R. Civ. P. 4(m) (allowing for dismissal without prejudice or extension of time to effect service); *McClellan v. Bd. of Cty. Comm'rs of Tulsa Cty.*, 261 F.R.D. 595, 607 (N.D. Okla. 2009) (granting a permissive extension of time to effect service where re-filing of the claims would be barred by the statute of limitations); *Padilla v. Walgreen Hastings Co.*, No. CIV. 08- 1110-BB-CEG, 2009 WL 2951025, at *6-8 (D.N.M. Aug. 11, 2009) (granting a permissive extension of time to effect service where the statute of limitations had run on the claim).

Accordingly, the Court respectfully **recommends** that the Motion [#14] be **denied without prejudice** and that Plaintiff's claims against the Amazon Defendants be **dismissed without prejudice** unless Plaintiff serves new process on the Amazon Defendants and files a return of service establishing sufficient service **on or before December 8, 2018**.

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Amazon Defendants' Motion to Dismiss [#14] be **DENIED without prejudice**.

IT IS FURTHER **RECOMMENDED** that the claims against the Amazon Defendants be **DISMISSED without prejudice** unless Plaintiff serves new process on the Amazon Defendants and files a return of service establishing sufficient service **on or before December 8, 2018**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 8, 2018

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge